UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

| | |
|---|---|
| **CYMANTHA RIDEOUT,** <br><br> Plaintiff, <br><br> v. <br><br> **LINCOLN LIFE ASSURANCE COMPANY OF BOSTON,** <br><br> Defendant. | Civil Action No. 4:20-CV-79-JHM <br><br> **COMPLAINT** |

## Introduction

1. This complaint seeks legal and equitable damages arising from and relating to a long-term disability policy insured by Defendant.

2. The headings contained in this complaint are intended only to assist in reviewing the statements and allegations contained herein. To avoid the unnecessary repetition in each section, Plaintiff hereby affirms and incorporates each paragraph in each section of this amended complaint as though fully set forth therein.

3. The factual allegations found in this amended complaint are not exhaustive, and are presented throughout this complaint so as to provide the requisite notice of the basis for Plaintiff's allegations.

## Jurisdiction & Venue

4. This Court has subject matter jurisdiction over the claims asserted in this action for monetary and equitable relief under Federal Question Jurisdiction pursuant to 28 U.S.C. § 1331 and the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(e)(1) and § 1132(f).

5. Venue is appropriate in the United States District Court for the Western District of Kentucky pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391.

## Parties

6. Plaintiff Cymantha Rideout is a citizen of the United States, a resident of the Commonwealth of Kentucky, and an insured participant under the long-term disability ("LTD") insurance policy at issue in this lawsuit.

7. Defendant Lincoln Life Assurance Company of Boston ("Liberty") is the successor to Liberty Life Assurance Company of Boston and assumed all obligations, responsibilities and liabilities as the insurer of the long-term disability policy at issue in this lawsuit. Liberty does business as an admitted insurer, and can be regularly found operating, within the Commonwealth of Kentucky.

## Facts

8. Ms. Rideout is insured under an LTD policy insured by Liberty.

9. Ms. Rideout ceased work in November 2016 because of the physical limitations resulting from her disabling conditions and corresponding treatment regimen. Subsequent to ceasing work, Ms. Rideout has remained continuously disabled and unable to physically perform the duties necessary to engage in full-time gainful employment.

10. Liberty agreed Ms. Rideout was disabled and provided her with LTD benefits from February 2017 through February 2019. Despite her physical inability to return to any gainful employment, and absent any improvement in her disabling conditions, Liberty terminated Ms. Rideout's claim for any further LTD benefits.

11. Ms. Rideout has met and continues to meet the requirements of the insurance policy necessary to continue receiving monthly LTD benefits

12. In administering Ms. Rideout's LTD claim, Liberty actively sought to terminate

her LTD benefits.

13. Ms. Rideout timely appealed Liberty's decision. However, on May 8, 2019, Liberty upheld its prior decision to terminate her continued LTD benefits.

14. Ms. Rideout again appealed Liberty's decision. However, December 5, 2019, Liberty again upheld its prior decision to terminate her continued LTD benefits.

15. At all times relative hereto, Liberty has been operating under an inherent and structural conflict of interest because any disability benefits provided to Ms. Rideout are paid from Liberty's own assets with each payment depleting those same assets.

16. Liberty's corporate culture pressures claims personnel to terminate claims as well as to deny appeals in order to reduce disability benefits it must provide.

17. Employees who save Liberty money by terminating or denying claims are more likely to be rewarded (e.g. with favorable employment reviews, promotions, raises, and bonuses) compared with those who do not.

18. Ms. Rideout has exhausted her administrative remedies.

19. Ms. Rideout's complaint is timely and is not otherwise time barred.

## Claims

**A. Breach of Contract**

20. The LTD policy constitutes a written contract.

21. Liberty breached the terms of the insurance contract by, among other things, improperly terminating Ms. Rideout's LTD benefits.

22. Liberty's contractual breaches damaged Ms. Rideout, not only in the loss of her LTD benefits, but also in the loss of earnings on the unpaid benefits, the loss of opportunity, and attorneys' fees and costs incurred.

23. 29 U.S.C. §§1132(a) is the enforcement mechanism permitting Ms. Rideout to

enforce the contractual terms of the insurance policy, to receive reinstatement and payment of past-due disability benefits, to obtain declaratory relief, and to obtain other appropriate equitable relief including, but not limited to, surcharge, make-whole relief, and disgorgement.

**B.      Attorneys' Fees & Costs**

24.     As a result of Liberty's conduct, Ms. Rideout has incurred attorneys' fees and costs.

25.     29 U.S.C. §1132(g) is the enforcement mechanism permitting Ms. Rideout to recover her reasonable attorneys' fees and costs.

### Prayer for Relief

26.     Ms. Rideout requests the Court enter judgment in her favor and against Liberty on all claims asserted herein, to include legal and equitable relief as appropriate.

27.     Ms. Rideout requests the Court award reasonable attorneys' fees and costs.

28.     Ms. Rideout requests the Court award pre- and post-judgment interest at the greater of the prime rate, the policy rate, or the rate earned by Liberty on the unpaid benefits.

29.     Ms. Rideout requests the Court award any and all other legal or equitable relief to which he may be entitled.

30.     Ms. Rideout requests leave to amend the complaint as needed.

*  *  *  *  *  *  *  *  *  *

Dated: May 22, 2020							Respectfully submitted,

s/ Andrew M. Grabhorn
Michael D. Grabhorn
m.grabhorn@grabhornlaw.com
Andrew M. Grabhorn
a.grabhorn@grabhornlaw.com
**Grabhorn Law | Insured Rights®**
2525 Nelson Miller Parkway, Suite 107
Louisville, KY 40223
p: (502) 244-9331
f: (502) 244-9334

*Counsel for Plaintiff*